IN THE UNITED STATES BANKRUPTCY
COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : CHAPTER 11 |
| BERKS BEHAVIORAL HEALTH, LLC | : |
| DEBTOR | : BANKRUPTCY NO. 10-10290 SR |
| BERKS BEHAVIORAL HEALTH LLC | : |
| PLAINTIFF<br>V. | : |
| ST. JOSEPH REGIONAL HEALTH NETWORK D/B/A ST. JOSEPH MEDICAL CENTER, ET AL | : |
| DEFENDANTS | : ADV. NO. 10-00163 SR |

# OPINION

BY: STEPHEN RASLAVICH, UNITED STATES BANKRUPTCY JUDGE.

*Introduction*

St. Joseph Regional Health Network, d/b/a St. Joseph Medical Center (St. Joe), Catholic Health Initiatives, and Bornemann Health Corporation d/b/a Bornemann Psychiatry Associates (Defendants) have filed a Motion for Sanctions Against Plaintiff for Failure to Comply with this Court's October 21, 2013 Order Compelling Discovery. The Plaintiff, Berks Behavioral Health LLC (BBH), opposes the Motion. A hearing on the matter was held on April 2, 2014. The Court thereafter took the matter under advisement. For the reasons which follow, the Motion will be granted, in part.

*Background*

This dispute pertains to six discovery requests made in Defendants' Second and Third Requests for Production of Documents. BBH first objected to the requests based on relevance, overbroadness, privilege, and work-product. After a year of negotiating the exchange of documents, BBH produced some documents and withheld others. In specific, it withheld 758 documents which it itemized in a privilege log. The Defendants disputed the right to withhold such evidence and filed a motion to compel. On October 21, 2013 the Court denied the relevance, overbroadness, and privilege claims. The Court did find, however, that the attorney work product doctrine applied to four documents on the log. The Order accompanying the Opinion directed BBH to produce all documents responsive to the six requests. Over the three months which followed, the parties argued over whether BBH's subsequent production was in compliance with the Court's ruling. Not being satisfied that it was, Defendants filed a second motion to compel.

*Parties' Positions*

The Defendants maintain that BBH has failed to comply with the Court's ruling. They assert that BBH continues to withhold 130 discoverable documents based on a defense not previously asserted. Defendants' Brief, 11. Having failed to establish that the documents are either irrelevant or privileged, they contend that BBH has seized upon the Court's finding that some of the documents constitute attorney work product. *Id.*, 12. Armed with that new defense, say Defendants, BBH has recharacterized the remaining documents as attorney work product and withholds them on that basis. *Id.*

2

This, say Defendants, demonstrates bad faith on BBH's part. *Id.*

BBH denies that it has done anything improper. It argues that in the course of discovery privilege logs are frequently amended. Transcript of Hearing, April 2, 2014 (T-) 21  The instant amendment, it says, merely brought its production into compliance with the Court's October 21 Order. Plaintiff's Brief, 5-6; T-22. In other words, BBH argues that, while its first response may not have relied on the correct reason for withholding the documents, it was substantially justified in later amending the log to assert the correct defense. *Id.* 9-10; T-19  Such circumstances, says BBH, suggest that turnover of the documents and/or an award of sanctions are not warranted. *Id.*; T-24

There are four questions to be answered here: first, whether BBH, in fact, complied with the October 21 Order; second, if it did not, whether its non-compliance was intentional; third, if the non-compliance was in bad faith, then what sanction would be appropriate; and fourth, whether any of the documents on the log may be withheld.

*October 21 Order*

To determine whether BBH complied with the Order, a full understanding of the context in which it was entered is required.  Beginning in March 2012, the parties' discovery dispute first arose.  The Defendants sought, in particular, documents which they believed reflected on three points pertinent to BBH's case: first, the decision to file bankruptcy; second, the intention to expand the business; and third, its calculation of both incidental and consequential damages.  BBH first challenged the Defendants' right to such documentation based on relevance, overbreadth, and burden.  It later expanded those grounds to include privilege as well.  To that end, on March 31, 2013, BBH

3

prepared a privilege log of 758 unproduced documents. As to *every* document in that log, the attorney-client privilege was said to apply; however, as to *some* of the same documents work product protection was also raised as a defense. On May 6, 2013 Defendants moved to compel responses to the documents requests.

In granting Defendants' Motion to Compel, the Court rejected almost all of the defenses which BBH raised. First, the Court did not find the documents to be without possible relevance. Neither did the Court find the requests to be disproportionate or burdensome. Most importantly, the Court rejected the defense that the documents enjoyed the attorney-client privilege. The sole protection which BBH raised and which the Court upheld was the attorney work-product doctrine. Yet the Court's own review of the log revealed that, given the descriptions, only four documents could be withheld on that basis.[1] No other document as described on the log appeared to be privileged or otherwise protected. Based on those findings, the Court entered a generic order requiring BBH to produce the documents it had already identified as being responsive to the six unanswered requests.

Over the ensuing six weeks, BBH responded to the document requests. The Defendants suspected, however, that it had not turned over all of the documents required by the Court's ruling. On December 12, 2013, BBH wrote to explain that it would produce all documents from the privilege log except:

---

[1] Significantly, BBH did not at that time provide the Court with the withheld documents for *in camera* review. The log consisted of only a spreadsheet describing the contents of each of the withheld documents along with other general information; to wit, sender/recipient, date, format and privilege/protection claimed, etc.

4

(1) the 4 documents identified by the Court in its October 21 ruling as constituting work product;

(2) any communications between Plaintiff and its counsel which did not include Mr. Chopivsky III; and

(3) other documents which constituted work product

See Defendants' Brief, Ex. I. On December 17, 2013 BBH furnished Defendants with an amended privilege log. (the Third Privilege Log). See *Id.*, Ex. J. The amended privilege log lists 130 documents which BBH continues to withhold on the basis that they constitute attorney work product.[2] On February 18, 2014 Defendants filed this Motion. On April 2, 2014 the parties appeared to argue the Motion. At the hearing, BBH's counsel provided the Court with the amended privilege log, along with copies of each of the withheld documents for an *in camera* review.

*Whether Plaintiff Complied*

Having compared the amended privilege log against the prior log, the Court finds that BBH failed to comply with the Court's ruling. The most reasonable interpretation of the Court's October 21 Order, by far, is that based on the descriptions set forth in the original privilege log, every logged document—other than the four work product items—should have been produced.[3] Instead, BBH altered the description of 130 documents

---

[2] Of the 130 documents described in this amended log as work-product, 29 of them appeared in the previous log as both work-product protected *and* attorney-client privileged.

[3] In reaching this conclusion the Court emphatically rejects BBH's argument that the text of the October 21 Order was ambiguous and could be construed as an invitation to re-review the withheld documents and ascertain any basis for privileged non-disclosure. The Court finds BBH's argument in this regard to be extremely disingenuous. Indeed, as discussed herein, it appears to the Court that with respect to the contested documents BBH took the October 21 Order as an opportunity to conduct an initial review of the documents—not a second review of them.

5

on the original log so as to claim the protection of attorney work product and now withholds them on that basis. While BBH's counsel is correct that privilege logs are often amended during the course of litigation, such amendment normally involves supplementation or correction. *See Transweb, LLC v. 3M Innovative Properties Co.*, 2012 WL 2878076, at *18 (D.N.J., April 12, 2012) (allowing the amendment of the privilege log where the good faith of the amending party is established) What is not permissible are changes to the log made up of wholesale reversals of position dressed up as "amendments." Ironically, BBH's original reason for not producing these documents was that, although admittedly responsive, they lacked any potential relevance. The refusal to produce documentation regarding its intent to expand the business, why it filed bankruptcy and how it derived its damages claim, said BBH, simply had nothing to do with this litigation. Indeed, even after the attorney-client privilege was raised, the privilege log described the documents generically as "bankruptcy administration." Once the relevance challenge and the privilege claim were rejected, BBH simply rewrote the log descriptions of the 130 withheld documents so as to characterize each as relevant to the litigation as opposed to the bankruptcy main case. The typical amendment to the log adds to the preexisting description of "bankruptcy strategy" a phrase such as "including attorney analysis of claims and evidence in Adversary Proceeding litigation" or "including attorney mental impressions regarding Adversary Proceeding." Compare previous log entry #33 with amended log entry #33:

> communication attaching memo from attorneys on bankruptcy strategy
>
> communication attaching memo from attorneys on bankruptcy strategy *including attorney analysis of claims and evidence in Adversary Proceeding litigation*

Each change is to take a description which appears to be *ir*relevant to the litigation and to rewrite it to make it of particular relevance to the litigation.

*State of Mind*

It should be noted that the Court has reached this conclusion just by comparing the two privilege logs. To reiterate, it did not possess at an earlier time—as it does now—copies of the documents being withheld. What the Court has found upon reviewing the withheld documents *in camera* is, to put it mildly, troubling. Most of the documents in it are highly relevant to the litigation. Indeed, the Court is at a total loss as to how BBH could possibly have previously characterized them as irrelevant. Either BBH has sought to withhold certain documents by engaging in a discovery "shell game" of changing defenses and privileges when it suits their purposes[4] or their counsel simply did not properly review the contents of the actual documents in the first instance. While the Court cannot conclusively know counsel's thinking in this regard, the error is so transparent and obvious as to paradoxically render the possibility that this was done by design seem highly unlikely. At a minimum, however, the record would support a finding that counsel could not possibly have properly reviewed these documents at all

---

[4] *See Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1322 (10th Cir. 2011)(describing as discovery abuse a refusal to disclose culpable person in discovery until after deadline to add parties had lapsed)

7

until after the October 21 ruling. Such dereliction constitutes a violation of the Court's discovery ruling.

*Sanction*

Where there is a violation of a discovery order, Rule 37 provides the following:

> **(A)** *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> **(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> **(iii)** striking pleadings in whole or in part;
>
> **(iv)** staying further proceedings until the order is obeyed;
>
> **(v)** dismissing the action or proceeding in whole or in part;
>
> **(vi)** rendering a default judgment against the disobedient party; or
>
> **(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

F.R.C.P. 37(b)(2) (A) (made applicable by B.R. 7037) The decision to impose sanctions for discovery violations under Rule 37(b)(2)(A) is within the sound discretion of the trial court. *See Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 134 (3d Cir.2009) (citing *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 538 (3d Cir.2007)).

8

However, a district court's discretion is limited, in that "'any sanction must be 'just' '" and "the sanction must be specifically related to the particular 'claim,' which was at issue in the order to provide discovery.'" *Joselson v. Lockhart–Bright Assocs.*, 95 F.R.D. 160, 163 (E.D.Pa.1982) (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982)). Moreover, the power to impose sanctions is "'necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.'" *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). The Court should consider all the circumstances when determining appropriate sanctions, including whether a party's failure to cooperate in discovery was inadvertent or in bad faith. *See Roger Dubuis N. Am., Inc. v. Thomas*, No. 3:05–CV–2566, 2006 WL 3199141, at *2 (M.D.Pa. Nov.3, 2006) (citing *Barrett v. Brian Bemis Auto World*, 230 F.R.D. 535, 537 (N.D.Ill. Sept.13, 2005).

Because a trial court should always consider whether a less severe sanction is appropriate, *see In re Huertas v. U.S. Dept. of Educ.*, 408 Fed.Appx. 639, at **1 (3d Cir. 2010), Rule 37 provides for the alternative of a monetary assessment where appropriate:

> (C) *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

F.R.C.P. 37(b)(2)(C). For a court to render an award of expenses under subparagraph

9

(C), it must make an express ruling that the violator's conduct was not substantially justified. *DeVille v. Givaudan Fragrances Corp.*, 419 Fed.Appx. 201, 208 (3d Cir. 2011). A party is "substantially justified" in its failure to cooperate in discovery when there is a "genuine dispute, or if reasonable people could differ as to [the appropriateness of the contested action]." *Atwell v. SPX Cooling Technologies, Inc.*, 2011 WL 2194057, at *2 (M.D.Pa., June 6, 2011) quoting *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)

As noted, the Court fails to understand how BBH could consider the withheld documents to have lacked any potential relevance over one year ago, and now ascribe to them direct significance to this lawsuit.  At the same time, however, for the reasons stated the Court does not find that this was part of a bad-faith plan.  On the contrary, it appears to be the result of negligence.  Which is to say that it appears more likely that the Plaintiff's counsel simply neglected to conduct a proper review of the documents in the first instance.  That, of course, is <u>no</u> justification for not complying with this Court's October 21 discovery ruling, let alone substantial justification.  Accordingly, an award of expenses is warranted and a subsequent hearing on the amount of fees and costs to be awarded will be scheduled.[5]

*In Camera Review*

Having determined that BBH is in violation of the Order, but that a monetary award is the appropriate sanction, the Court turns to the question of which of the

---

[5] The Court declines to direct turnover of all but one of the documents given their direct bearing on the litigation and clear indication of their being attorney work product.  Turnover under these circumstances would be a draconian penalty disproportionate to the offense.

10

withheld documents must be produced.  The Court's own review of the 130 documents in the privilege binder confirms not only their relevance, but also that virtually all of them are entitled to protection from disclosure as attorney work product.  In particular, but one document (#562) must be produced, as it does not enjoy that protection.  Two of the documents (##524 and 593) must be resubmitted because in their present form they are redacted and the Court cannot tell whether they are work product or not.  BBH shall resubmit those two documents to chambers forthwith without redactions.  The remaining 127 documents in the log are protected under the work product doctrine and may be withheld.

*Summary*

The record supports a finding that BBH has violated this Court's October 21 discovery ruling.  However, the failure to comply, while unjustified, warrants no greater sanction than an award of fees and expenses to the Defendants.  A subsequent hearing on the extent of fees and expenses to be assessed against BBH and/or its counsel will be scheduled by the Court.

As to the claim of attorney work product with respect to the remaining 130 documents itemized in the amended privilege Log, the Court rules as follows:

1. BBH shall immediately produce Document #562.

2. BBH shall forthwith resubmit to chambers for in camera review unredacted copies of Documents ## 524 and 593.

3. The remaining 127 documents in the amended privilege log may be withheld from discovery as attorney work-product.

11

An appropriate Order follows.

By the Court:

*/s/ Stephen Raslavich*

Dated: May 28, 2014

Stephen Raslavich
United States Bankruptcy Judge